CHESTER TERRY v. STATE OF MISSISSIPPI.

[52 South. 483.]

1. CRIMINAL LAW AND PROCEDURE. *Seduction. Code* 1906, § 1081. *Indictment. Previous chaste character. Time.*

An indictment, under Code 1906, § 1081, making it a felony to seduce a female child under eighteen years of age of previous chaste character, is not demurrable for failure to qualify the charge that the child was of previous chaste character by the use of the words "then and there," since the charge was referable only to the time immediately preceding the offense.

2. SAME. *Same. Same. Evidence. Corroboration of prosecutrix.*

In a prosecution for seduction of a female child under eighteen years of age of previous chaste character, the testimony of the prosecutrix must, by the terms of the statute, be corroborated in order to sustain a conviction; but in this case it was corroborated.

FROM the circuit court of Harrison county.

HON. THOMAS H. BARRETT, Judge.

Terry, appellant, was indicted and tried for and convicted of seduction and appealed to the supreme court. The case is sufficiently stated in the opinion of the court.

*Ford, White & Ford* and *J. H. Mize,* for appellant.

The court erred in overruling appellant's demurrer to the indictment. An indictment must allege that at the time of sexual intercourse which constituted the crime of seduction, the female was then and there of previous chaste character; that she was at the very time of the act of intercourse of previous chaste character. The indictment should have alleged that Hilda Ryan was then and there at the time of the intercourse of previous chaste character.

The indictment is not sufficient in alleging that she was a female child under the age of eighteen years and of previous chaste character. She might have been of previous chaste character, yet this would satisfy the indictment because being fourteen years, or twelve for that matter, would make her a female child under the age of eighteen years of previous chaste character. There was never a harlot, however low she may have been, who was not at some time a female of previous chaste character. *State v. Gates,* 27 Minn. 52, 6 N. W. 404.

In *Norton v. State,* 72 Miss. 128, it is held that in order to convict one of seduction the female must be of chaste character at the time of the intercourse.

It is true that Code 1906, § 1438, provides that indictments for any offense shall not be insufficient for omitting to state the time, where the time is not of the essence of the offense. This section is not applicable here for time is of the essence of the offense and the essence of the offense is something without which that would be no offense. *Hardmott v. State,* 66 Miss. 26.

*James R. McDowell,* assistant attorney-general, appellee.

Could the defendant possibly misunderstand the charge upon which he was to be tried? The statute is followed almost literally and when it is charged that defendant then and there seduced, etc., the prosecutrix, a female child under the age of eighteen years, and of previous chaste character, it can mean nothing but that at the time of said seduction she was a female child under the age of eighteen years and of previous chaste character. Defendant argues that it might possibly be inferred that at some time prior to the time she was eighteen she might have been of previous chaste character, though at the very moment of her seduction she might have lost her virtue and lacked chastity. Such a strained construction would do violence not only to the statute itself, but to its enforcement. The crime is

to be charged in plain, unambiguous terms, and to say that this indictment could reasonably mean that the prosecutrix here was of previous chaste character at fourteen, and a common harlot for the next two years, up until the time she was seduced, would be stretching its construction far beyond the limits of reason.

In corroborating the testimony of the prosecutrix, it is not to be expected that such testimony can be introduced as will actually be testified to by the prosecutrix herself *in toto* for the obvious reason that when such occurrences take place, no one is supposed to be in sight or in hearing of the participants; certainly no one is invited to be present and the only kind of corroboration is circumstances or conversations had with either party. Counsel insists that there is no corroboration of the prosecutrix. If your honors will read the testimony of the defendant himself, ample corroboration of every statement she makes will be found there, with the single exception that defendant denies that he used any wiles or made any promise of marriage, or anything else.

Argued orally by *J. H. Mize,* for appellant, and by *James R. McDowell,* assistant attorney-general, for appellee.

McLAIN, C.

The appellant was indicted, convicted, and sentenced in the Harrison county circuit court to the penitentiary for three years for seduction. The indictment was drawn under section 1081 of the Code of 1906, and it charges, leaving out the formal parts, that appellant "did then and there unlawfully and feloniously seduce and have illicit intercourse with one Hilda Ryan, a female child under the age of eighteen years old and of previous chaste character." There are but two of the many assignments of error that we will consider.

First. Appellant assigns as fatal error that the indictment

fails to use the words "then and there" just before the expression "of previous chaste character." He seems to contend that without these words the indictment does not definitely charge at what period in the life of the prosecutrix she was chaste. The term "of previous chaste character" refers to the time immediately previous to the offense. Any other construction would be too strained and unreasonable, too captious and technical.

It is further contended that the prosecutrix is not corroborated in her statement. Our statutes provide that she must not only be of previous chaste character, but that the testimony of the female seduced alone shall not be sufficient to convict. This is a wise and wholesome provision of the law. It guards against, or rather minimizes, the chances of an innocent party being accused and convicted. Has the prosecutrix met these requirements of the law? Without going into the details of the testimony on this point, we think she is abundantly corroborated by many facts and circumstances testified to in this case by witnesses other than the prosecutrix. The jury was fully warranted in finding defendant guilty.

PER CURIAM. The above opinion is adopted by the court.

*Affirmed.*